IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,382-01






EX PARTE JUAN MURRAY Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W00-55585-R(A) IN THE 265TH DISTRICT COURT


FROM DALLAS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and the judgment reflects he was sentenced to forty years' imprisonment. The Fifth Court
of Appeals affirmed his conviction after Applicant abandoned his appeal. Murray v. State, No. 05-02-148-CR (Tex. App. - Dallas, delivered August 26, 2002, no pet.).

 Applicant contends that his sentence is illegal. The trial court obtained affidavits from the
original trial judge and the court reporter, then entered findings of fact and conclusions of law that
Applicant pled guilty with no agreement as to punishment, that the trial court assessed punishment
at four years rather than the forty years reflected in the judgment, and that said punishment was not
authorized because it is below the five year minimum provided for aggravated robbery.

 However, additional evidence is needed to verify that the court reporter did not erroneously
record the sentence assessed by the trial court. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine
whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the
trial court shall appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc.
art. 26.04. 

 The trial court shall obtain testimony or affidavits from the prosecutor and defense counsel
who were present at the time punishment was assessed, or make findings of fact as to why such
cannot be obtained. The court may also accept affidavits or testimony from anyone else present at
the time punishment was assessed. Those affidavits or testimony shall reflect whether the
affiant/witness recalls the sentence assessed and, if so, what that sentence was. The trial court shall
then make new findings of fact as to whether the court actually imposed a sentence of four years or
forty years in his oral assessment of punishment.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Delivered: October 1, 2008

Do Not Publish